John B. Dawson (SBN 242161)
James V. Sansone (SBN 244671)
Justin D. Hein (SBN 249275)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707
jdawson@cmprlaw.com
jsansone@cmprlaw.com
jhein@cmprlaw.com

Attorneys for Defendants/Counterclaimants
WILLIAM YARAK and MARGARET YARAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| HAWKS HILL RANCH, LLC, a California limited liability company; HAWKS HILL RANCH, LLC, a Wyoming limited liability company; and HAWKS HILL RANCH WINERY, LLC, a California limited liability company,<br><br>              Plaintiffs,<br><br>     v.<br><br>WILLIAM YARAK and MARGARET YARAK,<br><br>              Defendants. | Case No:  3:22-cv-01567-MMC<br><br>**DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS AGAINST COUNTERCLAIM DEFENDANTS HAWKS HILL RANCH, LLC, HAWKS HILL RANCH, LLC, HAWKS HILL RANCH WINERY, LLC, AND PETER KUYPER** |
| WILLIAM YARAK, and MARGARET YARAK,<br><br>              Counterclaimants,<br><br>     v.<br><br>HAWKS HILL RANCH, LLC, a California limited liability company; HAWKS HILL RANCH, LLC, a Wyoming limited liability company; HAWKS HILL RANCH WINERY, LLC, a California limited liability company, and PETER KUYPER, an individual,<br><br>              Counterclaim Defendants. | **DEMAND FOR JURY TRIAL**<br><br>Complaint filed:  3/13/22<br><br>Judge:  Hon. Maxine M. Chesney |

CARLE, MACKIE,
POWER & ROSS LLP

1

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT                    Case No. 3:22-cv-01567-MMC

Defendants/Counterclaimants William and Margaret Yarak (collectively the "Counterclaimants" or the "Yaraks"), by and through their undersigned counsel, as and for their Answer and Affirmative Defenses to the Complaint for Declaratory Judgment of Non-Infringement (the "DJ Complaint") filed by plaintiffs Hawks Hill Ranch, LLC, a California limited liability company, Hawks Hill Ranch, LLC, a Wyoming limited liability company, and Hawks Hill Ranch Winery, LLC, a California limited liability company (collectively, the "DJ Plaintiffs"), allege as follows:

## NATURE OF THE ACTION

1.     Answering the unnumbered paragraph at the top of page 2 of the DJ Complaint, Counterclaimants admit that they have asserted, *inter alia*, that DJ Plaintiff Hawks Hill Winery, LLC's use of "HAWKS HILL" and "HAWKS HILL RANCH" in connection with the sale of wine constitutes infringement of the Counterclaimants' registered HAWK HILL VINEYARD trademark and registered HAWK HILL VINEYARD service mark described herein.  As to the remaining allegations included in said unnumbered paragraph of the DJ Complaint, Counterclaimants are without information or belief as to the truth of such allegations, and on such grounds deny those allegations contained therein in their entirety.

## THE PARTIES

2.     Counterclaimants admit the first and third sentences of Paragraph 1 of the DJ Complaint, and are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 1 of the DJ Complaint and on such grounds deny such allegations in their entirety.

3.     Counterclaimants admit the first sentence of Paragraph 2 of the DJ Complaint, and are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 2 of the DJ Complaint and on such grounds deny such allegations in their entirety.

4.     Counterclaimants admit the first sentence of Paragraph 3 of the DJ Complaint, and are without sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 3 of the DJ Complaint and on such grounds deny such allegations in their

CARLE, MACKIE,
POWER & ROSS LLP

2

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

entirety.

5.     Counterclaimants admit that they are the owners of Hawk Hill Vineyard in Sonoma County, California, admit that they are in the business of providing viticultural services and cultivating and selling grapes, admit that they grow grapes for sale to the order and specification of others, including for sale those to whose specifications the grapes are grown, and deny the remaining allegations of Paragraph 4 of the DJ Complaint in their entirety.

**VENUE AND JURISDICTION**

6.     Counterclaimants admit the allegations in Paragraph 5 of the DJ Complaint.

7.     Counterclaimants admit the allegations in Paragraph 6 of the DJ Complaint.

8.     Counterclaimants admit the allegations in Paragraph 7 of the DJ Complaint.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9.     Counterclaimants admit that DJ Plaintiff Hawks Hill Ranch Winery, LLC produces and sells wine under the name and trademark "HAWKS HILL RANCH," and are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 of the DJ Complaint and on such grounds deny such allegations in their entirety.

10.     Counterclaimants deny that they do not produce or bottle wine, admit that they own real property in Sebastopol, California commonly known as Hawk Hill Vineyard, admit that said property is planted to 18 acres of grapes, admit that grapes grown on their property are sold to vintners for use in the production of wine, and deny the remaining allegations in Paragraph 9 of the DJ Complaint in their entirety.

11.     Counterclaimants admit the allegations in Paragraph 10 of the DJ Complaint.

12.     Counterclaimants admit the allegations in Paragraph 11 of the DJ Complaint.

13.     Counterclaimants admit the allegations in Paragraph 12 of the DJ Complaint.

14.     Counterclaimants admit the allegations in Paragraph 13 of the DJ Complaint.

15.     Counterclaimants admit the allegations in Paragraph 14 of the DJ Complaint.

///

///

///

CARLE, MACKIE, POWER & ROSS LLP

3

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

**CLAIMS FOR RELIEF**

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARKS, 15 U.S.C. SECTION 1051, ET SEQ.)**

16.     In response to Paragraph 15 of the DJ Complaint, Counterclaimants repeat and incorporate by reference their responses to every allegation as set forth above in paragraphs 1-15 hereof as if set forth herein in full.

17.     Counterclaimants admit the allegations in Paragraph 16 of the DJ Complaint.

18.     Counterclaimants admit the allegations in Paragraph 17 of the DJ Complaint.

19.     Counterclaimants admit that the DJ Plaintiffs seek a declaratory judgment that their current use of the "Hawks Hill Ranch" name and mark does not constitute trademark infringement and deny the remaining allegations set forth in Paragraph 18 of the DJ Complaint in their entirety.

<u>**AFFIRMATIVE DEFENSES**</u>

Counterclaimants' investigation of their defenses is continuing, and Counterclaimants reserve the right to assert additional defenses under the Federal Rules of Civil Procedure, the trademark laws of the United States, and any other defense at law or in equity that may now exist or be available in the future based upon discovery and further investigation in this case.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The DJ Complaint, the claim therein, and each paragraph thereof, taken individually or collectively, fail to state a claim upon which relief can be granted, and fail to give legally sufficient grounds for granting a declaratory judgment that the DJ Plaintiffs' use of the "HAWKS HILL RANCH" name and mark does not constitute trademark infringement of Counterclaimants' registered HAWK HILL VINEYARD® trademark and HAWK HILL VINEYARD® service mark or violation of any other federal or state statutory or common law right of Counterclaimants. Even assuming all facts recited in the Complaint are true, the Complaint fails to plead facts sufficient to show that the DJ Plaintiffs are entitled to a declaration of non-infringement of the Counterclaimants' registered HAWK HILL VINEYARD® trademark and HAWK HILL VINEYARD® service mark.

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

**COUNTERCLAIMS FOR (1) FEDERAL TRADEMARK INFRINGEMENT; (2) FEDERAL UNFAIR COMPETITION; (3) CALIFORNIA UNFAIR COMPETITION; (4) BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ.; (5) COMMON LAW INJURY TO BUSINESS REPUTATION; (6) COMMON LAW UNFAIR COMPETITION; AND (7) COMMON LAW TRADEMARK INFRINGEMENT**

Counterclaimants William and Margaret Yarak complain against counterclaim defendants Hawks Hill Ranch, LLC, a California limited liability company, Hawks Hill Ranch, LLC, a Wyoming limited liability company, Hawks Hill Ranch Winery, LLC, a California limited liability company, and Peter Kuyper, an individual (collectively, the "Counterclaim Defendants") as follows:

<u>**NATURE OF ACTION**</u>

1.     Counterclaimants William and Margaret Yarak own the federally registered trademark HAWK HILL VINEYARD®, U.S. Reg. No. 3,381,147, in International Class 033 for "Wines" and the federally registered service mark HAWK HILL VINEYARD®, U.S. Reg. No. 2,465,356, in International Class 042 for "Viticultural services, namely, cultivation of grapes to the order and specification of others" (collectively, the "HAWK HILL Marks").  Over the past 29 years, the Yaraks (together with their predecessors-in-title) have generated millions of dollars by providing viticultural services, namely the cultivation of grapes for others under the HAWK HILL VINEYARD® service mark.  Over the past 20+ years, the licensees of the Yaraks (and their predecessors-in-title) have produced, bottled, and sold hundreds of thousands of bottles of ultra-premium wine featuring the HAWK HILL VINEYARD® wine trademark, with revenues from such sales in the tens of millions of dollars. The Yaraks continue to provide viticultural services and cultivate grapes for customers under the HAWK HILL VINEYARD® service mark, and they continue to license their HAWK HILL VINEYARD® wine trademark to wineries for use on wines made from grapes grown in their vineyard.  Accordingly, the Yaraks consider the HAWK HILL Marks to be prized assets of their business.

2.     This action arises from the Counterclaim Defendants' unauthorized incorporation and infringing use of the confusingly similar common law trademark HAWKS HILL RANCH on and in connection with, *inter alia*, Counterclaim Defendants' wine products, and their provision of vineyard and winery services, namely, the cultivation of grapes for others under the confusingly

**CARLE, MACKIE, POWER & ROSS** LLP

5

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

similar common law service mark HAWKS HILL RANCH (the aforementioned common law marks collectively referred to herein as the, "HAWKS HILL Marks").  Upon information and belief, as of the date of this Answer and Counterclaim, Counterclaim Defendants have not expressly denied that they have infringed the Yaraks' HAWK HILL Marks.

3.    Despite written requests from the Yaraks and their attorneys, Counterclaim Defendants have refused to cease their use of the confusingly similar HAWKS HILL Marks. Accordingly, Counterclaimants William and Margaret Yarak bring this action for infringement of the HAWK HILL Marks in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition and false designation of origin in violation of section 43 of the Lanham Act, 15 U.S.C. § 1125(a); for unfair competition arising under Cal. Bus. & Prof. Code section 17200 et seq.; for common law injury to business reputation; and unfair competition and trademark infringement under the common law of the State of California.  Counterclaimants William and Margaret Yarak hereby seek permanent injunctive relief restraining the Counterclaim Defendants' continuing and future infringement of the HAWK HILL Marks, monetary damages, treble damages, and recovery of their attorneys' fees and costs on the basis that this is an exceptional case under section 35 of the Lanham Act, 15 U.S.C. § 1117.

## JURISDICTION AND VENUE

4.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338(a) and 15 U.S.C. section 1121.  This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. section 1338(b) and 28 U.S.C. section 1367.

5.    This Court has personal jurisdiction over Counterclaim Defendants because, upon information and belief, Counterclaim Defendants, either directly or through their agents, transacted business in the State of California and this judicial district ("district"), directed their activities to the State of California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected their acts to have consequences in the State of California and this district.

///

CARLE, MACKIE,
POWER & ROSS LLP

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

6.      Counterclaim Defendant Peter Kuyper ("Kuyper") is being joined as a Counterclaim Defendant pursuant to Federal Rules of Civil Procedure 13 and 20 because, as alleged herein, he committed tortious acts in his individual capacity arising out of the same transactions and occurrences detailed in the underlying Counterclaims, which involve questions of law and fact common to all the named Counterclaim Defendants in this action.

7.      Venue is proper in this district under 28 U.S.C. section 1391(b) and (c) because Counterclaim Defendants are conducting business in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and Counterclaim Defendants are entities with the capacity to sue and be sued in their common names and are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

8.      This is an intellectual property action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## THE PARTIES

9.      Counterclaimant William Yarak is an individual residing in the State of California, having an address in Sebastopol, Sonoma County, California.

10.     Counterclaimant Margaret Yarak is an individual residing in the State of California, having an address in Sebastopol, Sonoma County, California.

11.     Counterclaimants William and Margaret Yarak are husband and wife and were so at all times mentioned herein.

12.     Counterclaim Defendant Hawks Hill Ranch, LLC (identified in the DJ Complaint as a "California limited liability company") (hereinafter "Hawks Hill Ranch (CA)"), is and at all times mentioned herein was, a limited liability company organized under the laws of the State of California, having a principal place of business in Paso Robles, California.

13.     Counterclaim Defendant Hawks Hill Ranch, LLC (identified in the DJ Complaint as a "Wyoming limited liability company") (hereinafter "Hawks Hill Ranch (WY)"), is and at all times mentioned herein was, a limited liability company organized under the laws of the State of Wyoming, having a principal place of business in Cody, Wyoming.

CARLE, MACKIE, POWER & ROSS LLP

7

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

14.     Counterclaim Defendant Hawks Hill Ranch Winery, LLC (hereinafter "Hawks Hill Ranch Winery"), is and at all times mentioned herein was, a limited liability company under the laws of the State of California, having a principal place of business in Paso Robles, California.

15.     Upon information and belief, Counterclaim Defendant Peter Kuyper is, and at all times mentioned herein was, an individual residing in California, and having an address in Paso Robles, California.

16.     Upon information and belief, Counterclaim Defendants Hawks Hill Ranch (CA), Hawks Hill Ranch (WY), and Hawks Hill Ranch Winery are owned and operated by Peter Kuyper, Thomas Kuyper, and/or Katherine Kuyper.

17.     Upon information and belief, there now exists, and at all relevant times herein there existed, a unity of interest and ownership between and among the Counterclaim Defendants, such that any individuality and separateness between and among them have ceased to exist, and Counterclaim Defendants, and each of them, are the alter egos of each other, had the authority to bind the others in transactions with third parties, committed acts and omissions leading to the infringement of the HAWK HILL Marks and Counterclaimants' damages, were acting in concert and active participation with each other in committing the acts alleged herein, and in so doing acted within the scope and course of their agency with every other Counterclaim Defendant named herein and each of them authorized, directed, accepted, ratified, and approved such actions.

## FACTUAL BACKGROUND

18.     In or around November 2013, the Yaraks purchased a 27-acre property in Sebastopol, California, located upon which was an existing Pinot Noir and Chardonnay vineyard known as "Hawk Hill Vineyard."  The property is located in western Sonoma County, at the confluence of the famous Sonoma Coast, Russian River Valley, and Green Valley of Russian River Valley American Viticulture Areas ("AVA").

19.     On or about January 13, 2000, the Yaraks' predecessors-in-title applied to register the HAWK HILL VINEYARD® service mark with the United States Patent and Trademark Office ("USPTO") in International Class 042 for "Viticultural services, namely, cultivation of grapes to the order and specification of others."  On or about July 3, 2001, the USPTO issued the Yaraks'

CARLE, MACKIE,
POWER & ROSS LLP

8

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT        Case No. 3:22-cv-01567-MMC

predecessors-in-title a Registration Certificate for the HAWK HILL VINEYARD® service mark for "Viticultural services, namely, cultivation of grapes to the order and specification of others" in International Class 042, U.S. Reg. No. 2,465,356, with a first use and first use in commerce date of May 1993.

20.    On or about June 26, 2007, the Yaraks' predecessors-in-title filed a combined Declaration of Use and Incontestability under Sections 8 and 15 of the Lanham Act with the USPTO for the HAWK HILL VINEYARD® service mark.  On or about August 22, 2011, the Yaraks' predecessors-in-title filed a combined Section 8 & 9 renewal with the USPTO for the HAWK HILL VINEYARD® service mark.  On or about November 14, 2013, the HAWK HILL VINEYARD® service mark and registration were assigned to the Yaraks, and such assignment was accepted by the USPTO.  On or about April 30, 2021, the Yaraks (through their attorneys) filed the next Section 8 & 9 renewal for the HAWK HILL VINEYARD® service mark, which was accepted by the USPTO.  Accordingly, the HAWK HILL VINEYARD® service mark registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. section 1065 and section 1115(b).

21.    On January 13, 2007, the Yaraks' predecessors-in-title applied to register the HAWK HILL VINEYARD® trademark in International Class 33 for "Wines" with the USPTO. On February 12, 2008, the USPTO issued the Yaraks' predecessors-in-title a Registration Certificate for the HAWK HILL VINEYARD® trademark for "Wines" in International Class 033, U.S. Reg. No. 3,381,147, with a first use and first use in commerce date of December 31, 2001.

22.    On or about May 31, 2013, the Yaraks' predecessors-in-title filed a combined Declaration of Use and Incontestability under Sections 8 and 15 of the Lanham Act with the USPTO for the HAWK HILL VINEYARD® wine trademark.  On or about November 14, 2013, the HAWK HILL VINEYARD® wine trademark and registration were assigned to the Yaraks, and such assignment was accepted by the USPTO.  On or about February 6, 2018, the Yaraks (through their attorneys) filed a Section 8 & 9 renewal for the HAWK HILL VINEYARD® wine trademark, which was accepted by the USPTO.  Accordingly, the HAWK HILL VINEYARD® wine trademark registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. section 1065 and section 1115(b).

CARLE, MACKIE,
POWER & ROSS LLP

9

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

23.     The Yaraks also own the domain name www.hawkhillvineyard.com and have operated a website to promote their services, their vineyard, and the wines sold under the HAWK HILL Marks since at least as early as 2014.

24.     The Yaraks have sold and continue to sell grapes from their Hawk Hill Vineyard to a select group of wineries that have well-established reputations for making outstanding Pinot Noir and Chardonnay wines. The Yaraks license their registered HAWK HILL VINEYARD® wine trademark to those wineries for use as a name and "single-vineyard designate" on the wines made from grapes grown on their vineyard.

25.      Over the past 20+ years, winemakers and wineries have come to regard the Hawk Hill Vineyard as one of the top grape sources for ultra-premium wines in California.  Wines bearing the Yaraks' HAWK HILL VINEYARD® trademark have received substantial praise and exceptional reviews from Robert Parker's Wine Advocate, Antonio Galloni/Vinous, Wine Enthusiast and other leading wine publications, including numerous ratings in the 94-98 range.

26.     Since approximately May 1993, the Yaraks (and their predecessors-in-title) have generated millions of dollars in revenue from the provision of viticultural services under, and license of, the HAWK HILL Marks.

27.     Since approximately 2014, the Yaraks have spent hundreds of thousands of dollars developing and promoting the HAWK HILL Marks and maintaining their renowned reputation in the State of California and throughout the United States.  Accordingly, the HAWK HILL Marks enjoy considerable goodwill in the alcoholic beverage industry among consumers and the general public.

28.     As a result, the HAWK HILL Marks are widely recognized and respected by consumers and members of the trade. Distributors, restaurants, and retailers in the State of California and throughout the United States recognize the HAWK HILL VINEYARD® wine trademark as an exclusive designation for wines made from grapes grown by the Yaraks, and consumers and members of the trade recognize the HAWK HILL VINEYARD® service mark as an exclusive designation for viticultural services involving the cultivation of grapes for others.

///

CARLE, MACKIE,
POWER & ROSS LLP

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT                    Case No. 3:22-cv-01567-MMC

29.     Upon information and belief, Counterclaim Defendant Hawks Hill Ranch (CA) provides viticultural services, including the cultivation and sale of wine grapes to wineries, under the common law service mark and trade name HAWKS HILL RANCH.  Upon information and belief,  Counterclaim Defendant Hawks Hill Ranch (CA) owns and/or operates a vineyard in Paso Robles, California known as "Hawks Hill Ranch."

30.     Upon information and belief, Counterclaim Defendant Peter Kuyper chose the name "Hawks Hill Ranch" for the vineyard owned and/or operated by Counterclaim Defendant Hawks Hill Ranch (CA), as well as the service mark and trade name "Hawks Hill Ranch" used by Hawks Hill Ranch (CA) in the provision of viticultural services, including the cultivation and sale of wine grapes to wineries.

### COUNTERCLAIM DEFENDANTS' PRIOR KNOWLEDGE OF THE REGISTERED HAWK HILL MARKS

31.     On or around October 24, 2012, Counterclaim Defendant Hawks Hill Ranch (CA) filed an application with the USPTO to register the service mark HH HAWKS HILL RANCH for "Vineyard and winery services, namely, the cultivation of grapes for others."  Upon information and belief, at the time that this application was filed and throughout its pendency before the USPTO, Counterclaim Defendant Hawks Hill Ranch (CA) was owned in part or in whole by Counterclaim Defendant Peter Kuyper.

32.     In a USPTO Office Action dated March 1, 2013, the USPTO notified Counterclaim Defendant Hawks Hill Ranch (CA) that the proposed HH HAWKS HILL RANCH service mark had been refused due to a likelihood of confusion with the HAWK HILL Marks.  The Office Action expressly stated that there was a:

> "likelihood of confusion with the marks in U.S. Registration No. 2465356 and 3381147 [the HAWK HILL Marks owned by the Yaraks] … Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely that a potential consumer would be confused or mistaken or deceived as to the source of the services of the applicant and registrant. …
>
> In the instant case, applicant's mark is "HH Hawks Hill Ranch" with design and the registrant's marks are "Hawk Hill Vineyard" with "Vineyard" disclaimed. Although marks are compared in their entireties, one feature of a mark may be more significant or dominant in creating a commercial impression… Disclaimed matter is typically less significant or less dominant

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT                Case No. 3:22-cv-01567-MMC

1
2
3

when comparing marks. … As such, the dominant feature of both parties' marks is "Hawk/Hawks Hill" [and] "**the marks are so similar in their appearance, sound, connotation and commercial impression, that there is a likelihood of confusion**." (emphasis added)

4
5
6
7
8

33.     In response, between August 2013 and April 2014, Counterclaim Defendant Hawks Hill Ranch (CA) submitted three filings to the USPTO that claimed there was no likelihood of confusion between its proposed HH HAWKS HILL RANCH mark and the HAWK HILL Marks. The USPTO rejected these arguments and maintained its refusal of the HH HAWKS HILL RANCH mark on grounds of likely confusion with the registered HAWK HILL Marks.

9
10
11
12
13
14
15
16

34.     In or around March 2014, Counterclaim Defendants sent a letter to the Yaraks' predecessors-in-title requesting their consent to register and use the HH HAWKS HILL RANCH mark that had been refused by the USPTO.  On or around April 21, 2014 and June 20, 2014, respectively, reply letters were sent to Counterclaim Defendants by the Yaraks (who had previously taken ownership of the HAWK HILL Marks and vineyard), refusing the requested consent to coexistence.  These letters also put Counterclaim Defendants on further notice of the Yaraks' trademark rights and of the Yaraks' demand that they cease use and infringement of the HAWK HILL Marks.

17
18
19
20
21

35.     On or around April 6, 2015, the Yaraks' attorneys sent a follow-up cease-and-desist letter to Counterclaim Defendants Hawks Hill Ranch (CA) and Peter Kuyper, to reiterate that any use of HAWKS HILL RANCH as a trademark or service mark in connection with vineyards, grapes, and/or viticultural services would constitute infringement of the Yaraks' HAWK HILL Marks.

22
23
24
25
26

36.     On or around April 17, 2015, Counterclaim Defendant Hawks Hill Ranch (CA) expressly withdrew its application to register the HH HAWKS HILL RANCH mark. On or around April 24, 2015, the USPTO deemed the application expressly abandoned.  Around that same time, the Yaraks could not find any ongoing uses on or in connection with wine or vineyard services, and thus the Yaraks reasonably believed that their infringement concerns had been finally resolved.

27

37.     Unfortunately, this was not to be the case.

28

///

12

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT            Case No. 3:22-cv-01567-MMC

38.     Upon information and belief, within the past year, Counterclaim Defendant Hawks Hill Ranch (CA) surreptitiously sold small amounts of wine grapes to a handful of small wineries and wine producers, including Counterclaim Defendant Hawks Hill Ranch Winery and others. Upon information and belief, within the past year, Counterclaim Defendant Peter Kuyper, in his individual capacity, expressly licensed or otherwise permitted Counterclaim Defendant Hawks Hill Ranch Winery to use the common law trademark and name HAWKS HILL RANCH for wines made from grapes grown on the vineyard owned and/or operated by Counterclaim Defendant Hawks Hill Ranch (CA).

39.     Upon information and belief, Counterclaim Defendant Hawks Hill Ranch Winery was founded in September 2019.  Counterclaim Defendant Hawks Hill Ranch Winery currently operates a winery in Paso Robles, California and produces and sells wines bearing the common law trademark HAWKS HILL RANCH, including wines made from grapes grown on the vineyard owned and/or operated by Hawks Hill Ranch (CA).

40.     On information and belief, in or around 2018 Counterclaim Defendants asked a third-party winery to bottle a small number of cases of wine with labels that displayed the infringing trademark HAWKS HILL RANCH.  However, because Counterclaim Defendant Hawks Hill Ranch Winery was not established until September 2019, and did not obtain a license to produce and sell wine until January 2000, Counterclaim Defendants could not and did not market or sell wines bearing the HAWKS HILL RANCH common law mark prior to January 2000.

41.     Beginning in 2021, Counterclaim Defendants' websites offered for sale a small quantity of wines under names such as "LIQUIDITY."  In order to see the front labels for these wines and make a purchase, however, consumers first had to sign up and join one of Counterclaim Defendants' wine clubs.  Consumers who did not sign up for a wine club at this time were not able to see the front labels of these wines on the Counterclaim Defendants' websites.  Although these wines were initially advertised in marketing text on their websites under names like "LIQUIDITY," the front labels of these wines actually displayed the words "HAWKS HILL RANCH" in large bold letters in the center of the label.

///

CARLE, MACKIE,
POWER & ROSS LLP

13

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

42.     Upon information and belief, Counterclaim Defendant Peter Kuyper (in his individual capacity) personally licensed the trademarks "HAWKS HILL RANCH" and "HAWKS HILL" as single-vineyard designations for the wines made from grapes sold by Hawks Hill Ranch (CA) to several wineries.  These actions by Peter Kuyper, **after** having been put on notice by the USPTO, by the Yaraks themselves, and by the Yaraks' attorneys of both the Yaraks' and their predecessors-in-title's pre-existing registered HAWK HILL Marks and associated rights, constitute separate and outrageous acts of trademark and service mark infringement.  In short, Peter Kuyper facilitated the further use of the infringing HAWKS HILL Marks by other parties, including companies that neither he nor any of his family members owned.

43.     On information and belief, beginning in or around January 1, 2022, Counterclaim Defendants began to publicly advertise on their website pictures of Counterclaim Defendants' wines and wine labels that were readily viewable (without requiring prior customer sign up to a wine club), and which prominently displayed Counterclaim Defendants' infringing HAWKS HILL RANCH name.

44.     On information and belief, since approximately January 1, 2022, Counterclaim Defendants' marketing and promotions efforts associated with Counterclaim Defendants' HAWKS HILL Marks have been dramatically greater than any such efforts rendered previously (if any), and the volume of Counterclaim Defendants' sales of wines bearing Counterclaim Defendants' Marks have likewise increased.  Consequently, the likelihood of confusion with the Yaraks' HAWK HILL Marks has substantially increased with the greater visibility of Counterclaim Defendants' HAWKS HILL Marks.

45.     Counterclaim Defendants currently market and sell wines featuring Counterclaim Defendants' Marks in California and other states.  On information and belief, Counterclaim Defendants are also the owners of the domain name https://www.hhrwinery.com and maintain a website at this URL to market and promote their wines, including wines bearing Counterclaim Defendants' Marks.  On information and belief, Counterclaim Defendants also maintain a presence on social networking sites such as Facebook, Twitter, and Instagram, through which they promote wines bearing Counterclaim Defendants' Marks.

CARLE, MACKIE, POWER & ROSS LLP

14
DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT           Case No. 3:22-cv-01567-MMC

46.     Counterclaim Defendants' HAWKS HILL RANCH marks are confusingly similar to Counterclaimants' HAWK HILL VINEYARD marks, given that Counterclaim Defendants' marks incorporate the first two words and dominant terms of the HAWK HILL VINEYARD marks, and are consequently similar in appearance, sound, connotation, and overall commercial impression.  The harm arising from this similarity is exacerbated by the relatedness of the Yaraks' and Counterclaim Defendants' services, both of which involve the cultivation of wine grapes, as well as the use of these highly similar trademarks on wines made from grapes grown in California.

47.     Counterclaim Defendants' use of Counterclaim Defendants' Marks on and in connection with wine and in the provision of services involving the cultivation of grapes are likely to cause confusion, mistake, or deception in the minds of consumers as to the source of Counterclaim Defendants' products and services, the Yaraks' affiliation, connection, or association with Counterclaim Defendants, and/or as to the Yaraks' approval or sponsorship of Counterclaim Defendants' products, services, or commercial activities.

48.     Counterclaim Defendants' infringing use of the confusingly similar HAWKS HILL RANCH trademark and service mark will financially and otherwise harm the Yaraks by diminishing the value of the HAWK HILL Marks and threatening their ability to function as a distinctive indicator of source for the Yaraks' services and the wines made from grapes grown by the Yaraks. Moreover, upon information and belief, Counterclaim Defendants' use of the infringing mark HAWKS HILL RANCH for its business, wines, and services will unjustly enrich Counterclaim Defendants by increasing the popularity and profitability of Counterclaim Defendants' products, services, and business, to the detriment of the Yaraks and consumers.  Upon information and belief, consumers have purchased and will continue to purchase Counterclaim Defendants' wines under a mistaken belief that such wines are made from grapes grown by the Yaraks or are otherwise associated with/approved by the Yaraks and will forgo purchasing wines made from grapes grown by the Yaraks.  The Yaraks and consumers will be harmed by the confusion caused by Counterclaim Defendants' aforementioned wrongful conduct and sharp business practices, which also constitute unfair competition.  Furthermore, Counterclaim Defendants and their marks will unjustly benefit from the false association with the Yaraks'

CARLE, MACKIE,
POWER & ROSS LLP

15

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

1   HAWK HILL Marks at no cost to Counterclaim Defendants.

2       49.     An example of this confusion occurred in the marketplace when a member of the

3   wine trade erroneously associated the Yaraks with Hawks Hill Ranch (CA) and the Hawks Hill

4   Ranch vineyard.  Mr. Yarak was attending the Unified Wine and Grape Symposium in Sacramento,

5   where he was mistaken as being the owner of "Hawks Hill Ranch" by a wine label supplier while

6   wearing a name tag that identified him as the owner of "Hawk Hill Vineyard."

7       50.     As outlined herein, Counterclaim Defendants have been well aware of the Yaraks'

8   trademark and service mark rights in the HAWK HILL Marks since at least as early as 2014.

9   Counterclaim Defendants are also aware that actual confusion has already occurred.

10      51.     Despite Counterclaim Defendants' actual knowledge of the Yaraks' registered

11  trademark and service mark, Counterclaim Defendants have been marketing and selling wine and

12  providing viticulture services under Counterclaim Defendants' Marks in the United States,

13  engaging in a progressive encroachment and infringement while knowing that such designations

14  are likely to cause confusion, cause mistakes or deceive the consuming public.

15      52.     In a letter dated March 8, 2022, the Yaraks' counsel demanded that Counterclaim

16  Defendants cease and desist from using the HAWKS HILL Marks in connection with their

17  marketing and sale of wine and provision of viticultural services.  Nevertheless, Counterclaim

18  Defendants have continued to market and sell their infringing HAWKS HILL-branded wine.

19  Again, this is hardly the first time Counterclaim Defendants have been put on notice of the Yaraks'

20  trademark rights.

21      53.     In approximately November 2021, the Yaraks discovered that Counterclaim

22  Defendants had resumed using the HAWKS HILL RANCH trademark and service mark as stated

23  above.

24      54.     Counterclaim Defendants' actions have been deliberate, willful, malicious, and

25  intentional and conducted with the intent of trading on the goodwill that inures to the HAWK

26  HILL Marks and the reputation of the Yaraks.

27      55.     This case is an exceptional case, entitling the Yaraks to treble damages, attorneys'

28  fees, and punitive damages as allowed for under the Lanham Act and California law.

CARLE, MACKIE,
POWER & ROSS LLP

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

**FIRST CLAIM**

**FEDERAL TRADEMARK INFRINGEMENT:  15 U.S.C. Section 1114**

56.     Counterclaimants repeat and hereby incorporate herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 55.

57.     Counterclaim Defendants' HAWKS HILL Marks have been and are likely to be confused with Counterclaimant's registered HAWK HILL VINEYARD® marks.

58.     Counterclaim Defendants' use (and their licensees' use) of the HAWKS HILL Marks on wine products and in connection with viticultural services involving the cultivation of grapes constitute uses in commerce of a reproduction, copy, or colorable imitation, and thus an infringement of the Yaraks' registered HAWK HILL VINEYARD® trademark and service mark in connection with the offering for sale, distribution, or advertising of goods and services on or in connection with which such use is likely to cause consumer confusion, mistake, and deception as to source, sponsorship or approval of the Counterclaim Defendants' goods and services in violation of 15 U.S.C. section 1114. Moreover, Counterclaim Defendants' foregoing acts are causing irreparable harm to the Yaraks for which there is no adequate remedy at law.

59.     Counterclaim Defendants' ongoing acts of infringement are willful and deliberate and result in substantial damage to the Yaraks in an amount to be determined at trial.

60.     Because of the preceding acts, Counterclaim Defendants are liable to the Yaraks for trademark infringement under 15 U.S.C. section 1114.

**SECOND CLAIM**

**UNFAIR COMPETITION 15 U.S.C. Section 1125(a)**

61.     Counterclaimants repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 60.

62.     Counterclaim Defendants' use of the HAWKS HILL Marks in connection with wine products and in connection with their viticultural services involving the cultivation of grapes are such colorable imitations and copies of the Yaraks' registered and well established trademark and service mark that Counterclaim Defendants' use thereof is likely to create confusion, cause mistakes, or deceive consumers as to the affiliation, connection, or association of the Yaraks'

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT                    Case No. 3:22-cv-01567-MMC

services and of wines made from grapes sold by the Yaraks to their licensees, or to deceive consumers as to the origin, sponsorship or approval of Counterclaim Defendants' products and services in violation of 15 U.S.C. section 1125(a).

63.    Counterclaim Defendants' incorporation and use of the HAWK HILL Marks on their products and in connection with their services constitute unfair competition in violation of 15 U.S.C. section 1125(a).

64.    Counterclaim Defendants' use of the HAWK HILL Marks constitutes a false designation of origin in violation of 15 U.S.C. section 1125(a).

65.    Counterclaim Defendants' ongoing acts of unfair competition and false designation of origin are willful and deliberate and result in substantial damage to the Yaraks in an amount to be determined at trial.

### THIRD CLAIM

### UNFAIR COMPETITION UNDER CALIFORNIA
### BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

66.    Counterclaimants repeat and hereby incorporate herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 65.

67.    Counterclaim Defendants' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code section 17200.

68.    Pursuant to California Business and Professions Code section 17203, the Yaraks are entitled to preliminary and permanent injunctive relief ordering Counterclaim Defendants to cease this unfair competition and disgorgement of all of Counterclaim Defendants' profits associated with this unfair competition.

### FOURTH CLAIM

### COMMON LAW INJURY TO BUSINESS REPUTATION

69.    Counterclaimants repeats and hereby incorporate herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 68.

70.    Counterclaim Defendants' use of the dominant portion of the Yaraks' HAWK HILL Marks (namely, "HAWK" and "HILL") inures and creates a likelihood of injury to the

CARLE, MACKIE,
POWER & ROSS LLP

18

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC

Yaraks' business reputation because persons encountering the Yaraks and their services, and the products of their licensees will believe that the Yaraks are affiliated with or related to or have the approval of Counterclaim Defendants, and any adverse reaction by the public to Counterclaim Defendants and the quality of their products, services, and the nature of their businesses will injure the business reputation of the Yaraks and the goodwill that they enjoy in connection with their HAWK HILL VINEYARD® trademark and service mark.

**FIFTH CLAIM**

**<u>COMMON LAW UNFAIR COMPETITION</u>**

71.     Counterclaimants repeat and hereby incorporate herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 70.

72.     Counterclaim Defendants' actions constitute unfair competition under the common law of the State of California.

73.     Counterclaim Defendants' ongoing acts of unfair competition are willful and deliberate and result in substantial damage to the Yaraks in an amount to be determined at trial.

**SIXTH CLAIM**

**<u>COMMON LAW TRADEMARK INFRINGEMENT</u>**

74.     Counterclaimants repeat and hereby incorporate herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 73.

75.     The general consuming public of California widely recognizes the HAWK HILL Marks as designating the Yaraks as the source of certain viticultural services and as designating the Yaraks' licensees as the source of certain wine products.  The Yaraks have common law service mark rights and common law trademark rights in the HAWK HILL Marks under California law.

76.     Counterclaim Defendants' actions, as alleged, constitute trademark infringement and service mark infringement in violation of the common law of the State of California.

77.     Counterclaim Defendants' ongoing acts of infringement are willful and deliberate and result in substantial damage to the Yaraks in an amount to be determined at trial.

WHEREFORE, Counterclaimants pray:

///

**CARLE, MACKIE,
POWER & ROSS LLP**

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT                    Case No. 3:22-cv-01567-MMC

1.      For a judicial determination as to the parties' respective rights and obligations regarding the use of the name HAWKS HILL RANCH, HAWKS HILL RANCH WINERY, and any relevant permutations thereof;

2.      For an order requiring Counterclaim Defendants to show cause why they should not be enjoined as set forth herein, during the pendency of this action, upon application for such by Counterclaimants;

3.      That Counterclaim Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Counterclaim Defendants, and each of them, be preliminarily and permanently enjoined from (a) using the HAWKS HILL RANCH trademark and service mark or any other colorable imitation of Counterclaimants' HAWK HILL VINEYARD® trademark and service mark; and (b) using any trademark or service mark that imitates or is confusingly similar to or in any way similar to the Yaraks' trademark and service mark HAWK HILL VINEYARD® or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of the Yaraks' services or the Yaraks' or their licensees' products or their connection to Counterclaim Defendants;

4.      That Counterclaim Defendants be ordered to recall from retailers all infringing wine bearing the trademark HAWKS HILL RANCH or any trademark that imitates or is confusingly similar to the Yaraks' trademark HAWK HILL VINEYARD®, and remove all references to HAWKS HILL RANCH for wine, grapes, vineyards, and viticultural services from their websites and social media accounts;

5.      That, pursuant to 15 U.S.C. section 1117, Counterclaim Defendants be held liable for all damages suffered by the Yaraks resulting from the acts alleged herein;

6.      That, pursuant to 15 U.S.C. section 1117, Counterclaim Defendants be compelled to account to the Yaraks for any and all profits derived by them from their illegal acts complained of herein;

7.      That the Counterclaim Defendants be ordered pursuant to 15 U.S.C. section 1118 to deliver up for destruction all containers, labels, signs, vineyard signs, prints, packages,

CARLE, MACKIE,
POWER & ROSS LLP

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT                    Case No. 3:22-cv-01567-MMC

wrappers, receptacles, advertising, promotional material, or the like in possession, custody, or under the control of Counterclaim Defendants bearing a trademark or service mark found to infringe the Yaraks' rights in the HAWK HILL Marks, as well as all plates, matrices, and other means of making the same;

8.     That Counterclaim Defendants be ordered to pay punitive damages in an amount to be determined at trial;

9.     That the Court find and declare this to be an exceptional case and award the Yaraks treble damages, their full costs, and reasonable attorneys' fees pursuant to 15 U.S.C. section 1117;

10.    That the Court grant the Yaraks any other remedy to which it may be entitled as provided for in 15 U.S.C. sections 1116 and 1117 or under state law;

11.    For costs of suit herein; and,

12.    For such and other further relief that the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, the Yaraks hereby demand a trial by jury on all issues so triable.

Dated:  May 25, 2022                    CARLE, MACKIE, POWER & ROSS LLP


By:  /s/ John Dawson
     John B. Dawson
     James V. Sansone
     Justin Hein
     Attorneys for Defendants/Counterclaimants
     WILLIAM and MARGARET YARAK

DEFENDANTS/COUNTERCLAIMANTS WILLIAM AND MARGARET YARAKS' ANSWER AND
COUNTERCLAIMS AGAINST PLAINTIFFS' COMPLAINT          Case No. 3:22-cv-01567-MMC