Bradley L. Booke (*Pro hac vice*)
LAW OFFICE OF BRADLEY L. BOOKE
NV Bar No. 2662
10161 Park Run Drive #150
Telephone: 702-241-1631
Fax: 866-297-4863
brad.booke@lawbooke.com

Laurence O. Masson (CA Bar No. 87794)
LAW OFFICE OF LAURENCE O. MASSON
2625 Alcatraz Avenue #206
Berkeley, California 94705
Telephone: 510-735-9691
lomlex@gmail.com

*Attorneys for Plaintiffs Hawks Hill Ranch, LLC, (California), Hawks Hill Ranch, LLC (Wyoming), and Hawks Hill Ranch Winery, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| HAWKS HILL RANCH, LLC, a California limited liability company, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM YARAK and MARGARET YARAK,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 3:22-cv-1567-MMC<br><br>**ANSWER TO COUNTERCLAIM** |

Counterclaim Defendants (hereafter collectively "HHR"), through counsel, answer Defendants' Counterclaim, as follows:

1. HHR admits that Counterclaimants are listed as the registrants of U.S. Reg. Nos. 2,465,356 and 3,381,147 and deny all remaining allegations of paragraph 1 not specifically admitted herein.

2. HHR denies paragraph 2 in its entirety.

3. In answering paragraph 3, HHR denies that it has, at any time, used confusingly similar marks to those used by Counterclaimants. HHR admits that the counterclaim filed herein asserts claims for trademark infringement and unfair competition under federal and state law. HHR affirmatively alleges that the claims asserted in the counterclaim are wholly without merit and that counterclaimants are not entitled to any relief on such claims. HHR denies all remaining allegations of paragraph 3 not specifically admitted herein.

4. In answering paragraph 4, HHR admits that this Court has subject matter jurisdiction of the claims asserted in the counterclaim, as well as having subject matter jurisdiction of the claims asserted in the complaint.

5. In answering paragraph 5, HHR admits that this Court has personal jurisdiction over Hawks Hill Ranch Winery, LLC and Hawks Hill Ranch, LLC, a California limited liability company, and denies all remaining allegations of personal jurisdiction in paragraph 5 not specifically admitted herein.

6. In answering paragraph 6, HHR denies that Peter Kuyper has committed any tortious act, in his individual capacity or in any other capacity, and HHR affirmatively alleges that Peter Kuyper has been improperly and improvidently joined as a counterclaim defendant in this action. HHR further denies that any tortious acts have been committed by either of the other counterclaim defendants.

7. In answering paragraph 7, HHR denies that either Hawks Hill Ranch, LLC, a Wyoming limited liability company, or Peter Kuyper are conducting business in this district or that any acts or omissions of Hawks Hill Ranch, LLC, a Wyoming limited liability company, or Peter Kuyper have occurred or caused consequences in this district. HHR admits that Hawks Hill Ranch, LLC, a California limited liability company and Hawks Hill Ranch Winery, LLC are conducting business in Paso Robles, San Luis Obispo County, California, but affirmatively alleges that San Luis Obispo County is within the Central District of the United States District Court for California. HHR denies that any of the counterclaim defendants has caused consequences within the Northern District and denies all remaining allegations of paragraph 7 not specifically admitted.

8. HHR admits this is an intellectual property action as alleged in paragraph 8.

1  9. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 9 and, therefore, denies the same.

10. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 10 and, therefore, denies the same.

11. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 11 and, therefore, denies the same.

12. HHR admits that Hawks Hill Ranch, LLC, a California limited liability company, is organized under the laws of California and has a principal place of business in Paso Robles, California.

13. HHR admits that Hawks Hill Ranch, LLC, a Wyoming limited liability company is organized under the laws of Wyoming and has a principal place of business in Cody, Wyoming.

14. HHR admits that Hawks Hill Ranch Winery, LLC, a California limited liability company, is organized under the laws of California and has a principal place of business in Paso Robles, California.

15. Denied.

16. HHR admits that Peter Kuyper and Thomas Kuyper are members of Hawks Hill Ranch Winery, LLC and denies all remaining allegations of paragraph 16 not specifically admitted herein.

17. HHR denies paragraph 17 in its entirety and affirmatively alleges that each of the limited liability companies is a duly and properly organized and independent legal entity that manages and conducts its own business affairs.

18. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 18 with respect to Counterclaimants' acquisition of real property, its use at the time Counterclaimants acquired the property, or its exact location, therefore, HHR denies the same.

19. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 19 with respect to the actions of the Counterclaimants' predecessors-in-title and, therefore, denies the same.  HHR further affirmatively allege that the

records of the United States Patent and Trademark Office (USPTO) speak for themselves. HHR denies all allegations of paragraph 19 not specifically admitted herein.

20. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 20 with respect to the actions of the Counterclaimants' predecessors-in-title, the assignment of the trademark registrations, or Counterclaimants' actions since the assignment alleged in paragraph 20 and, therefore, denies the same. HHR further affirmatively allege that the records of the United States Patent and Trademark Office (USPTO) speak for themselves. HHR denies all allegations of paragraph 20 not specifically admitted herein.

21. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 21 with respect to the actions of the Counterclaimants' predecessors-in-title and, therefore, denies the same. HHR further affirmatively allege that the records of the United States Patent and Trademark Office (USPTO) speak for themselves. HHR denies all allegations of paragraph 21 not specifically admitted herein.

22. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 22 with respect to the actions of the Counterclaimants' predecessors-in-title, the assignment of the trademark registrations, or Counterclaimants' actions since the assignment alleged in paragraph 22 and, therefore, denies the same. HHR further affirmatively allege that the records of the United States Patent and Trademark Office (USPTO) speak for themselves. HHR denies all allegations of paragraph 22 not specifically admitted herein.

23. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 23 with respect to whether Counterclaimants own the domain name identified in paragraph 23 and with respect to what use is made of the domain name and, therefore, denies the same.

24. HHR presently lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 24 as to the identities of the persons or entities, if any, to whom Counterclaimants have sold grapes or licensed trademarks, or the terms of licensing agreements, if any such exist, and, therefore, HHR denies the allegations of paragraph 24.

25. HHR denies paragraph 25 in its entirety and affirmatively places Counterclaimants on their proof as to the facts alleged in paragraph 25.

26. HHR denies paragraph 26 in its entirety and affirmatively places Counterclaimants on their proof as to the facts alleged in paragraph 26.

27. HHR denies paragraph 27 in its entirety and affirmatively places Counterclaimants on their proof as to the facts alleged in paragraph 27.

28. HHR denies paragraph 28 in its entirety and affirmatively places Counterclaimants on their proof as to the facts alleged in paragraph 28.

29. HHR admits that Hawks Hill Ranch, LLC grows certain varieties of wine grapes at a vineyard in Paso Robles, California and that it sells the varieties of wine grapes it grows. HHR affirmatively alleges that none of the entities and individuals comprising HHR grows or sells, or has ever grown or sold, the varieties of wine grapes that Counterclaimants allege that they grow and sell. HHR denies all remaining allegations of paragraph 29 not admitted herein.

30. Denied.

31. HHR admits that, in 2012, Hawks Hill Ranch, LLC applied to the USPTO for a stylized mark for "Hawks Hill Ranch;" that the application was made in International Class 44; and that the mark consisted of the letters "HH" separated from one another at the bottom and slanted toward one another, with the letters touching at the top ("the HHR Mark"), as shown on Exhibit 1 hereto. HHR denies the remaining allegations of paragraph 31 not specifically admitted herein.

32. HHR admits that, in 2013, the USPTO sent a letter refusing registration that includes the language quoted in paragraph 31, and affirmatively alleges that paragraph 32 omits language that makes the quoted language, standing alone, misleading. HHR denies the remaining allegations of paragraph 32 not specifically admitted herein.

33. HHR admits that it submitted additional information in support of its application and denies all remaining allegations of paragraph 33 not specifically admitted herein.

34. HHR admits that, in March 2014, Peter Kuyper wrote a letter to Paul and Vicki Michalcyk explaining why there was no confusion or likelihood of confusion between the HHR

1   Mark and the Michalczyk's trademark. HHR presently lacks sufficient information to form a belief
2   as to the truth or falsity of the remaining allegations of paragraph 34 and, therefore, denies the
3   remaining allegations of paragraph 34.

4      35.    HHR presently lacks sufficient information to form a belief as to the truth or falsity
5   of the allegations in paragraph 35 and therefore denies the allegations of paragraph 35.

6      36.    HHR presently lacks sufficient information to form a belief as to the truth or falsity
7   of the allegations in paragraph 36 and therefore denies the allegations of paragraph 36.

8      37.    Paragraph 37 presently lacks context and detail and can neither be admitted nor
9   denied. If paragraph 37 is intended to infer that HHR is infringing Defendants' trademarks or has
10  done so at any time, HHR denies paragraph 37.

11     38.    HHR denies paragraph 38 in its entirety.

12     39.    HHR admits that Hawks Hill Ranch Winery, LLC operates a winery in Paso Robles,
13  California that was established in 2019, is operating at the present time, and sells wines bearing a
14  label with a stylized mark that consists of the letters "HH" separated from one another at the bottom
15  and slanted toward one another, with the letters touching at the top, as shown on Exhibit 1 hereto.
16  HHR denies all remaining allegations of paragraph 39 not specifically admitted herein.

17     40.    Paragraph 40 contains date sequences that are a chronological impossibility. HHR,
18  therefore, denies the allegations of paragraph 40 in their entirety.

19     41.    In answering paragraph 41, HHR admits that a wine club is one channel of
20  marketing for wine produced by Hawks Hill Ranch Winery, LLC and that wine sold through a
21  wine club bears a label with a stylized mark that consists of the letters "HH" separated from one
22  another at the bottom and slanted toward one another, with the letters touching at the top, as shown
23  on Exhibit 1 hereto. HHR denies all remaining allegations of paragraph 41 not specifically
24  admitted herein.

25     42.    HHR denies paragraph 42 in its entirety and affirmatively alleges that Peter Kuyper
26  had no knowledge that Counterclaimants claimed to produce and sell wine until they made that
27  claim in a letter sent by their attorneys in March 2022. HHR further affirmatively alleges that the
28

false allegations of paragraph 42 should be stricken under Rule 12(f), Fed. R. Civ. P. as impertinent and scandalous matter.

43. HHR admits that persons viewing the hhrwinery.com website can see a label that bears a large image of a hawk in flight above the words "HAWKS HILL RANCH," which appears above the words "2018 LIQUIDITY" in a smaller type face. HHR denies all remaining allegations of paragraph 43 not specifically admitted herein.

44. In answering paragraph 44, HHR states that the terms used by Counterclaimants in paragraph 44 to describe the current business of Hawks Hill Ranch Winery, LLC are so vague and ambiguous that the allegations cannot be fairly or accurately admitted or denied, therefore, HHR denies the allegations of paragraph 44. HHR affirmatively alleges that there is no likelihood of confusion between HHR's labels used to identify its bottled wines that are sold to consumers of wine with Counterclaimant's mark, which is used only to identify its sale of grapes to vintners that are highly sophisticated purchasers.

45. HHR admits that Hawks Hill Winery, LLC sells bottled wines with a label bearing a stylized mark that consists of the letters "HH" separated from one another at the bottom and slanted toward one another, with the letters touching at the top, as shown on Exhibit 1 hereto, through its club and in some retail and restaurant outlets. HHR admits that the bottled wines bearing the label as shown in Exhibit 1 may have been displayed on Facebook and Instagram in connection with special events, but denies that HHR maintains a presence on social networking sites. HHR denies all remaining allegations of paragraph 45 not specifically admitted herein.

46. HHR denies paragraph 46 in its entirety.

47. HHR denies paragraph 47 in its entirety.

48. HHR denies paragraph 48 in its entirety.

49. HHR lacks sufficient information to forma a belief as to the truth or falsity of the allegation in paragraph 49 and, therefore, denies the allegation in paragraph 49.

50. HHR denies paragraph 50 in its entirety.

51. HHR denies paragraph 50 in its entirety.

52. HHR admits that Counterclaimants' attorney wrote them a letter in March 2022 making numerous monetary and other demands and denies all allegation of paragraph 51 not specifically admitted herein.

53. HHR lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 53 and, therefore, HHR denies the allegations of paragraph 53.

54. Denied.

55. Denied.

56. HHR admits and denies the allegations of paragraph 56 the same as set forth in paragraphs 1-55 above.

57. Denied.

58. HHR denies that Hawks Hill Winery, LLC's uses of its mark infringes on Counterclaimants' marks, that confusion exists or is likely to exist, that Counterclaimants have been or may be irreparably harmed, and that there is no adequate remedy at law. HHR further denies all other allegations of paragraph 58 not specifically admitted herein.

59. Denied.

60. Denied.

61. HHR admits and denies the allegations of paragraph 61 the same as set forth in paragraphs 1-60 above.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. HHR admits and denies the allegations of paragraph 61 the same as set forth in paragraphs 1-65 above.

67. Denied.

68. Denied.

69. HHR admits and denies the allegations of paragraph 61 the same as set forth in paragraphs 1-68 above.

70. Denied.

71. HHR admits and denies the allegations of paragraph 61 the same as set forth in paragraphs 1-70 above.

72. Denied.

73. Denied.

74. HHR admits and denies the allegations of paragraph 61 the same as set forth in paragraphs 1-73 above.

75. Denied.

76. Denied.

77. Denied.

## **AFFIRMATIVE DEFENSES**

1. On information and belief, HHR alleges that Counterclaimants and their predecessors do not produce or sell bottled wine and have never done so. Therefore, any trademark registration obtained by Counterclaimants or their predecessors for bottled wine was obtained by making misrepresentations to the United States Patent and Trademark Office that Counterclaimants or their predecessors, for which any such registration is invalid and should be cancelled as fraudulently obtained.

2. There is no confusion or likelihood of confusion in the relevant marketplace between the bottled wine produced and sold by Hawks Hill Ranch Winery, LLC and the grapes grown and sold by Counterclaimants for many reasons, including *inter alia* that the products themselves are different (bottled wine v. grapes); the purchasers of the products are different (consumers of bottled wine v. vintners buying grapes for production of wine); the markets for the products are different and do not overlap (consumers of bottled wine do not buy wine grapes for consumption v. vintners do not buy bottled wine for consumption); the vintners who purchase wine grapes for production of wines are highly sophisticated purchasers who have demanding specifications for the wine grapes sourced and know exactly who is growing the grapes they are buying); Hawks Hill Ranch Winery, LLC does not produce or sell any wines utilizing the varieties of grapes grown by Counterclaimants; Counterclaimants' grapes are not used by vintners to

produce any of the varieties of wine produced or sold by Hawks Hill Ranch Winery, LLC; the geographic locales (Central California Coast v. Sonoma County) are qualitatively and characteristically different and the differences are well known to and readily distinguishable by persons in and associated with the wine industry.

3.  Discovery may reveal a factual basis for further affirmative defenses and HHR reserves the right to amend this answer to assert such additional defenses as discovery proceeds.

WHEREFORE, HHR respectfully prays that Counterclaimants take nothing by their counterclaims, that the same be dismissed, that the relief sought in the Complaint herein be granted, and that HHR be awarded its reasonable attorney's fees and costs incurred in defending the counterclaims asserted.

Dated: June 10, 2022.

    /s/ Bradley L. Booke
Bradley L. Booke (*Pro hac vice*)
LAW OFFICE OF BRADLEY L. BOOKE
NV Bar No. 2662
10161 Park Run Drive #150
Telephone: 702-241-1631
Fax: 866-297-4863
brad.booke@lawbooke.com

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing ANSWER TO COUNTERCLAIM via the Court's electronic filing and service system this 10th day of June 2022 to:

John B. Dawson (SBN 242161)
James V. Sansone (SBN 244671)
Justin D. Hein (SBN 249275)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707
jdawson@cmprlaw.com
jsansone@cmprlaw.com
jhein@cmprlaw.com

      /s/ Bradley L. Booke