UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAWKS HILL RANCH, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM YARAK, et al.,<br><br>Defendants. | Case No. 22-cv-01567-MMC   (DMR)<br><br>**ORDER ON AUGUST 10, 2023 JOINT DISCOVERY LETTER**<br>Re: Dkt. No. 106 |

The parties filed a joint discovery letter on August 10, 2023 in which Defendants William and Margaret Yarak request that this court issue an order to show cause 1) why Plaintiffs should not have to pay Defendants' attorneys' fees in connection with Plaintiffs' production of documents and Defendants' efforts to enforce Plaintiffs' compliance with this court's prior orders; 2) why Plaintiffs should not be ordered to hire an e-discovery vendor; and/or 3) why the complaint should not be dismissed with prejudice. [Docket No. 106 ("JDL").] This matter is suitable for resolution without a hearing. Civ. LR. 7-1(b). For the following reasons, Defendants' request is denied.

Defendants first complain about the quality and completeness of Plaintiffs' production of documents to-date. JDL at 2. On February 9, 2023, the court ordered Plaintiffs to conduct a new attorney-led and supervised search for responsive documents consistent with the court's instructions at the February 9, 2023 hearing, and to produce any additional responsive documents by February 23, 2023. [Docket No. 73 ("2/9/2023 Minute Order").] By the same date, Plaintiffs were instructed to file a declaration verifying representations made in a previously filed status report recounting Plaintiffs' search for documents, and describing in detail any additional steps Plaintiffs took in searching for responsive documents as a result of the February 9, 2023 hearing, including sources that were searched, as well as custodians and search terms that were used for each source. 2/9/2023 Minute Order. Plaintiffs' counsel timely filed a declaration, as well as a

supplemental declaration five days later.  [Docket Nos. 76, 77.]  Both declarations suggest that Plaintiffs' counsel continued to produce responsive documents.

Now, Defendants assert that Plaintiffs have produced "thousands of further documents," which are "not relevant, not responsive, and are incomplete."  JDL at 2.  Notably, Defendants assert that 1) they have received several documents from third parties that should have also been produced by Plaintiffs, and 2) Plaintiffs have produced "very little to no email correspondence."  JDL at 2.  After the most recent meet-and-confer on August 7, 2023, Plaintiffs produced 54 additional documents.  *Id.*  According to Defendants, these documents still fail to include 1) three documents previously provided to the court as examples of documents that Defendants received from third parties but not from Plaintiffs, and 2) "other types of ESI [Defendants] still presently seek."  JDL at 2.  Based on these assertions, Defendants ask the court to issue sanctions against Plaintiffs, order Plaintiffs to retain an e-discovery vendor at their own expense, and/or dismiss the complaint with prejudice.  JDL at 3-4.

In response, Plaintiffs describe in detail the steps they have taken to search for and produce responsive documents.  JDL at 4-5.  They explain that Defendants have obtained documents from third parties not previously produced by Plaintiffs because: "(a) historically, Plaintiffs have not rigorously or systematically maintained records because (b) the 'businesses' were secondary to [Peter Kuyper] and [his son, Thomas Kuyper]'s primary, full-time occupations, (c) there was no hands-on management, and (d) there was no perceived need to organize or retain records before [Hawks Hills Ranch Winery, LLC] was created and started a winery."  *Id.* at 5.

While Plaintiffs' production may not be perfect, Defendants' assertion that it is deficient and out of compliance with this court's orders because certain documents have appeared in third-party productions but not Plaintiffs' falls far short of warranting the strong measures sought by Defendants.  This is particularly true in light of Plaintiffs' counsel's declarations, signed under penalty of perjury, and the detailed descriptions of Plaintiffs' search efforts.  Defendants' request is denied.

Next, Defendants assert that Plaintiffs have provided deficient responses to supplemental interrogatories involving tax returns.  JDL at 2.  On April 13, 2023, the court ordered the parties to

promptly meet and confer to discuss Plaintiffs' production of tax returns and lease documents. [Docket No. 81 ("4/13/2023 Minute Order").] After meeting and conferring, the parties apparently came to an agreement "whereby the Yaraks would serve supplemental interrogatories on each of the [Plaintiffs] targeted to information contained on tax returns [, a]nd the [Plaintiffs] would answer with sworn, verified responses." JDL at 3. In addition, Plaintiffs would "identify the sources of the data and information produced in response," and "the responses would be marked confidential, subject to the terms of the existing stipulated protective order." *Id.* Defendants assert that they served their supplemental interrogatories on June 7, 2023, and Plaintiffs responded on July 6, 2023. *Id.* at 3 (referring to JDL, Exs. B (sample of Defendants' supplemental interrogatories) and C (sample of Plaintiffs' confidential responses)).[1] Defendants contend that the responses are "wholly deficient." *Id.* According to Plaintiffs, the responses provide "100% of the information needed to calculate Plaintiffs' profits from vineyard and wine business." *Id.* at 5.

Any remaining dispute on the issue of tax returns was to be filed by May 15, 2023. 4/13/2023 Minute Order. Therefore, this discovery dispute is denied as untimely. However, having reviewed Plaintiffs' responses to Defendants' supplemental interrogatories, the court agrees that their format raises concerns. Plaintiffs must provide separate responses to each

//
//
//
//

---

[1] On August 10, 2023, Defendants filed an administrative motion to consider whether another party's material should be sealed in connection with Exhibit C – Hawks Hill Ranch, LLC (California)'s confidential responses to Defendants' supplemental interrogatories. [Docket No. 107.] Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs, as the designating parties, had 7 days to file a statement and/or declaration if they wished to seek sealing of the designated document. Nothing has been filed. In addition, the court notes that a party "must avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a). Furthermore, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c). If Plaintiffs do not file a statement and/or declaration by **September 14, 2023,** the court will rule on Defendants' motion based on the current record.

//

interrogatory and may not rely on or simply refer to a "prefatory statement" or omnibus answer in lieu of responding.  Each response must also be verified.  Plaintiffs must address these deficiencies by **September 19, 2023.**

**IT IS SO ORDERED.**

Dated: September 12, 2023

_____
Donna M. Ryu
Chief Magistrate Judge