UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAWKS HILL RANCH, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM YARAK, et al.,<br><br>Defendants. | Case No. 22-cv-01567-MMC   (DMR)<br><br>**ORDER ON PLAINTIFFS' MOTION TO STRIKE**<br>Re: Dkt. No. 128 |

Plaintiffs/Counterdefendants Hawks Hill Ranch, LLC and Hawks Hill Ranch Winery LLC (collectively "Hawks Hill") move to strike certain expert reports served by Defendants/Counterclaimants William and Margaret Yarak (collectively "the Yaraks"). This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons discussed below, Plaintiffs' motion is granted in part and denied in part.

**I.    BACKGROUND**

In this action for declaratory relief, Hawks Hill seeks a judgment that their use of the stylized "HH Hawks Hill Ranch" and "Hawks Hill Ranch" trademarks do not infringe on the Yaraks' "Hawk Hill Vineyard" trademark. The Yaraks bring a counterclaim against Hawks Hill and Peter Kuyper for infringement of the Yaraks' trademark.

The Honorable Maxine M. Chesney ordered the parties to serve their expert reports by December 15, 2023 and rebuttal expert reports by December 29, 2023. [Docket Nos. 113 (Second Amended Pretrial Preparation Order); 126 (Third Amended Pretrial Preparation Order, "Pretrial Order").] On February 16, 2023, the Yaraks served Paul Reidl's initial expert report. [Docket No. 128-4 (Initial Expert Report of Paul Reidl).] On February 17, 2023, Hawks Hill served Rhonda Harper's initial expert report. [Docket No. 138 (Reply).] The Yaraks timely served rebuttal expert reports by Doug Frost and Douglas Rogers on December 29, 2023. [Docket No. 128-2

(Defendants' Rebuttal Expert Disclosure, "Reb. Discl.").] On February 21, 2024, the Yaraks served three "supplemental" expert reports: Frost submitted an amended version of his December 29, 2023 rebuttal report and Reidl submitted a supplement to his February 16, 2023 initial report as well as a rebuttal to Harper's initial report. [Docket No. 128-3 (Defendants' Supplemental Rebuttal Expert Disclosure, "Suppl. Discl.").]

On February 25, 2024, Hawks Hill filed a motion to strike all three February 21, 2024 expert reports as untimely, and to strike Reidl's February 16, 2023 initial expert report and his February 21, 2024 rebuttal report as containing impermissible legal opinions.[1] [Docket No. 128.] On March 1, 2024, Hawks Hill filed a motion for summary judgment which is currently pending before Judge Chesney. [Docket No. 133 (Motion for Summary Judgment, "MSJ").]

## II.    LEGAL STANDARD

Disclosure of expert opinions must be made at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). This includes rebuttal expert opinions, which are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(C). In addition, the parties have a duty to supplement or correct an expert report if they learn the report is incomplete or incorrect in some material respect. Fed. R. Civ. P. 26(e). Supplemental disclosures must be made "in a timely manner" no later than the deadline for pretrial disclosures. *Id.* In this case, pretrial disclosures are due by May 13, 2024. Pretrial Order.

"Supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). The supplement does not have to be based on information acquired after the initial report was disclosed; "it is enough that a party learn the expert report was incomplete or incorrect in some material aspect." *Talbert v. City of Chicago*, 236 F.R.D. 415, 421 (N.D. Ill. 2006). On the other hand, Rule 26(e) does not provide a party "free rein to continue developing expert testimony beyond the deadline set in the

---

[1] This order does not address Hawks Hill's contention that the Reidl reports contain inadmissible legal opinions because that argument presents a merits (rather than discovery) question to be decided by Judge Chesney.

2

1 Scheduling Order . . . effectively nullifying the other party's opportunity to depose or otherwise

2 test the information contained in the expert report." *Encompass Ins. Co. v. Berger,* No.

3 CV128294MWFPJWX, 2014 WL 12597120, at *3 (C.D. Cal. Aug. 12, 2014).

4     If a party fails to comply with the disclosure requirements of Rule 26(a) or (e), pursuant

5 to Rule 37(c)(1), "'the party is not allowed to use that . . . witness to supply evidence on a motion,

6 at a hearing, or at a trial.'" *Vnus Med. Techs., Inc. v. Biolitec,* No. 08–3129 MMC (JL), 2010 WL

7 2629714, at *2 (N.D. Cal. June 29, 2010) (quoting Fed. R. Civ. P. 37(c)(1)) (citations omitted).

8 Rule 37 provides for two exceptions to the imposition of sanctions: "if a party's failure to disclose

9 the required information is substantially justified or harmless." *Todd v. LaMarque*, No. 03–3995

10 SBA, 2007 WL 3168272, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Yeti by Molly Ltd. v. Deckers

11 Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001)).  The party facing sanctions has the burden

12 of proving justification or harmlessness. *Id.*

13 **III.  DISCUSSION**

14     **A.  Frost's Supplemental Report**

15     Hawks Hill moves to strike Frost's February 21, 2024 supplemental report as untimely,

16 arguing that it is an impermissible attempt to "strengthen [Frost's] prior, deficient, bare bones

17 opinion[]." Mot. 7-8.  The Yaraks respond that Frost's supplemental report was "solely prepared

18 to correct inconsistencies" in his December 29, 2023 rebuttal expert report, specifically regarding

19 the naming conventions used by the two at-issue trademarks, "Hawk Hill Vineyards" and "Hawks

20 Hill Ranch."  Opp'n 2.

21     The court ordered the Yaraks to file a redline comparison of Frost's December 29, 2023

22 rebuttal expert report and his February 21, 2024 supplemental report.  [Docket Nos. 140 (Order to

23 File Redline Comparison); 143 (Redline Comparison).]  Having reviewed the two versions, the

24 court agrees with the Yaraks that the supplemental report appropriately amends the rebuttal report.

25 The supplemental report properly corrects typos (e.g., "Hawks Hill Vineyard" instead of "Hawk

26 Hill Vineyard").  Redline Comparison.  It also adds a few lines to clarify or emphasize points

27 made in the rebuttal report.  *Id.*  To the extent these additions go beyond the literal requirements of

28 Rule 26(e), the additions are harmless.  The minor changes in Frost's supplemental report do not

United States District Court
Northern District of California

1    alter his prior opinions nor do they add new ones. *See, e.g., Encompass Ins. Co.*, 2014 WL

2    12597120, at *4 (citing *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp.

3    2d 269, 279 (S.D.N.Y. 2011). Plaintiffs' motion to strike Frost's supplemental report is denied.

### B.     Reidl's Supplemental Report and Rebuttal Report

Hawks Hill moves to strike Reidl's February 21, 2024 supplement to his initial expert witness report as untimely. The motion is denied. The supplemental report falls within Rule 26(e)'s requirements. Its sole purpose is to update or correct Reidl's initial expert report with facts he learned after he served that report nearly a year earlier on February 16, 2023. Suppl. Discl. 6-7. It is timely because it was served before the parties' May 13, 2024 deadline to submit pretrial disclosure. *See* Fed. R. Civ. P. 26(e)(2) ("Any additions or changes to [the expert report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."). Hawks Hill's motion to strike Reidl's supplemental report is denied.

On February 21, 2024, Reidl also submitted a rebuttal report that responds to Hawks Hill's expert, Harper. Suppl. Discl. 9-30. Hawks Hill moves to strike the rebuttal report as untimely because it was served nearly two months after the December 29, 2023 rebuttal disclosure deadline. Mot. 6-7.

The Yaraks argue that Reidl's late rebuttal report should be permitted because its delay was substantially justified and harmless. *See* Fed. R. Civ. P. 37(c)(1). As the late disclosing party, the Yaraks bear the burden to establish justification and harmlessness. *See Todd*, 2007 WL 3168272, at *1 (citing *Yeti by Molly Ltd.*, 259 F.3d at 1107). They first argue that the delay was justified because Reidl needed time to review the deposition of Thomas C. Kuyper, one of Hawks Hill's non-expert witnesses. Opp'n 2. This argument is not persuasive. Reidl could have filed a timely rebuttal report, followed by a supplemental report to add material from Kuyper's deposition. Kuyper's testimony was far from central to Reidl's rebuttal opinions; of the 22-page rebuttal report, only two paragraphs discuss Kuyper's deposition. Suppl. Discl. 18, 20. The vast majority of the report is dedicated to contradicting or rebutting Harper's expert report—which has been available to the Yaraks since February 17, 2023. *Id.* at 9-30. In short, the Yaraks do not show they were justified in delaying submission of Reidl's rebuttal report.

4

The Yaraks also appear to argue that Hawks Hill suffered no harm from the late disclosure of Reidl's rebuttal report. They claim they provided Hawks Hill with sufficient notice because they listed Reidl as a rebuttal expert in their December 29, 2023 expert disclosure and had previously informed Hawks Hill of their intent to submit a rebuttal report by Reidl. *See* Reb. Discl. 4 ("The Yaraks reserve the right to call any expert witness in its case in chief or in rebuttal required to refute the testimony of other expert witnesses. . . . This includes . . . Paul Reidl.") Additionally, they argue that late disclosure was harmless because Hawks Hill did not assert any hardship or prejudice. Opp'n 2-3. These arguments lack merit. The disclosure of a retained expert must be accompanied by the expert's written report. Fed. R. Civ. P. 26(a)(2)(B). This rule does not allow a party to "reserve the right" to use someone as a rebuttal expert by disclosing their name without also submitting a report. Moreover, the Yaraks served Reidl's rebuttal report only nine days before the dispositive motion filing deadline on March 1, 2024, which created a high likelihood of prejudicing Hawks Hill's motion strategy. In fact, Hawks Hill's summary judgment motion relies in part on Harper's expert report—which Reidl's late submission purports to rebut. MSJ 12-13. In sum, the Yaraks fail to meet their burden to establish harmlessness.

Finally, the Yaraks cite *Genentech, Inc. v. Trustees of the Univ. of Pennsylvania* for the proposition that a late disclosure of evidence may be excused if the prejudice to the other party is "curable." No. 10-CV-02037-LHK, 2011 WL 866599, at *2 (N.D. Cal. Mar. 10, 2011) (denying defendants' motion to strike plaintiffs' late disclosure but granting defendants more time and pages to file its reply brief as well as an additional opportunity to introduce rebuttal evidence). The Yaraks do not explain how Reidl's late rebuttal report can be cured. Opp'n 4. Expert discovery is closed and Hawks Hill's dispositive motion is fully briefed.

Plaintiffs' motion to strike Paul Reidl's rebuttal report as untimely is granted.

**IT IS SO ORDERED.**

Dated: April 2, 2024

_____
Donna M. Ryu
Chief Magistrate Judge

5